UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>G. SPANGLER, et al.,<br><br>Defendants. | No. 2:24-cv-00582 AC<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 6. The complaint also includes requests for a temporary restraining order and a preliminary injunction. Id. at 7-8. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons explained below, the undersigned recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action. In addition, it is recommended that plaintiff's motions for a preliminary injunction and temporary restraining order be denied as premature.

I.      Three Strikes Rule

Section 1915(g) of Title 28 of the United States Code provides that:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."

Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. Plaintiff's Prior Strikes

A review of court records reveals that on October 14, 2015, in the Eastern District of California, plaintiff was declared a three-strikes litigant in Bradford v. German, No. 1:15-cv-111 LJO BAM P (E.D. Cal. Oct. 14, 2015). In that case, the court determined that the following dismissed cases constituted strikes:

> Bradford v. White, No. 2:98-cv-0180 FCD JFM P (E.D. Cal. June 3, 1999) (dismissed for frivolousness and as barred by the statute of limitations);
>
> Bradford v. Terhune, No. 1:04-cv-5496 AWI DLB P (E.D. Cal. Oct. 21, 2004) (dismissed for failure to state a claim);
>
> Bradford v. Superior Court of California, No. 1:07-cv-1031 OWW LJO P (E.D. Cal. Aug. 21, 2007) (dismissed for frivolousness);
>
> Bradford v. Grannis, No. 2:05-cv-0862 FCD DAD P (E.D. Cal. Sept. 30, 2007) (dismissed for frivolousness and failure to state a claim);
>
> Bradford v. Amaya, No. 1:08-cv-0211 OWW GSA P (E.D. Cal. Apr. 17, 2008) (dismissed for failure to state a claim); and
>
> Bradford v. Terhune, No. 1:04-cv-5261 LJO SMS P (E.D. Cal. May 9, 2008) (dismissed for failure to state a claim).

See Bradford v. German, Case No. 1:15-cv-111, ECF Nos. 4, 5.[1]

The court takes judicial notice of these earlier-filed lawsuits.[2] Each of them was dismissed well before the instant action was filed and none of the strikes have been overturned on appeal. Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] The court also listed as a strike Bradford v. Terhune, No. 2:02-cv-1859 FCD GGH P (E.D. Cal. June 18, 2003). That case had been dismissed as barred by the three strikes rule, without a finding of frivolity. Case No. 2:02-cv-1859 at ECF Nos. 17, 21. It therefore does not count as an independent strike. See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

### III. Imminent Danger Exception

After reviewing the complaint, the only allegations that fall within the imminent danger category are plaintiff's assertion that there is "an active an[d] ongoing conspiracy to murder [and] commit murder against him…." ECF No. 1 at 2. This is an entirely conclusory assertion, and there are no facts in the complaint that support plaintiff's allegation that defendants are attempting to murder him. Accordingly, plaintiff's assertion of imminent danger is speculative and does not meet the standard for the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). Additionally, this allegation bares no relationship to the claims in the complaint which are based on the confiscation of plaintiff's property and mail by prison officials. See ECF No. 1 at 2-3; see also Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022). For all these reasons, plaintiff does not demonstrate that he meets the imminent danger exception to the three strikes rule.

### IV. Plaintiff's Motion for a Preliminary Injunction/Temporary Restraining Order

The complaint also includes a motion for a preliminary injunction and temporary restraining order. ECF No. 1 at 4-5. Plaintiff specifically requests the return of his property; the payment of his medical expenses for 50 years; the restoration of his good time credit; permission to reside in Sydney, Australia; the provision of a U.S. passport; the expungement of his criminal and prison record; and, the payment for two witnesses to accompany him to Australia. ECF No. 1 at 5. At this time, the motion for injunctive relief is premature because plaintiff may not have the funds to proceed with this action. Therefore, the undersigned recommends that the motion for injunctive relief be denied as premature.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) be denied;

2. Plaintiff be ordered to pay the filing fee in its entirety in order to proceed as a result of being declared a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g); and

     3. Plaintiff's motion for a preliminary injunction and temporary restraining order be denied as premature.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE